UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER A. SINK, | ) |
| Plaintiff, | ) |
| v. | ) No. 24-cv-13158 |
| | ) Judge April M. Perry |
| CASTLE KEY INDEMNITY COMPANY, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This is an insurance contract dispute. Plaintiff Peter Sink owned a home and other property in Florida that suffered storm damage in 2022. Doc. 1-1 at 7–8. At the time, Plaintiff's home was insured under a policy issued by Defendant Castle Key Indemnity Company. *Id*. at 7. When Plaintiff filed an insurance claim for the loss, Defendant allegedly refused to pay the full amount of damages. *Id*. at 10.

Plaintiff commenced this breach of contract action in the Circuit Court of Cook County, Illinois against Defendant and two other companies, Allstate Insurance Company ("Allstate") and Geico Marine Insurance Company ("Geico"). Allstate removed the case to federal court on the premise that certain federal statutes and regulations which affected Allstate vested this Court with federal question jurisdiction. *See* Doc. 1 at 6–9. Since removal, both Allstate and Geico have been voluntarily dismissed from the action, leaving Castle Key as the sole remaining defendant. *See* Docs. 22, 25.

Defendant now moves for this Court to enforce a forum selection clause in the insurance policy to either dismiss Plaintiff's claims or transfer the action to Florida. Doc. 33. Plaintiff opposes the motion, asserting that this Court should remand the case to Illinois state court for

lack of subject matter jurisdiction. Doc. 35. Because the Court finds it has no subject matter jurisdiction over this case, it remands this action to state court.

## ANALYSIS

Federal courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022), quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject matter jurisdiction "only in cases that raise a federal question … [or] in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Bhd. Of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009), citing 28 U.S.C. §§ 1331–32. Neither party contends there is at this time a basis for federal question jurisdiction under 28 U.S.C. § 1331, and so the inquiry is whether the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met.

Diversity jurisdiction requires complete diversity of citizenship between the parties and more than $75,000 in controversy. 28 U.S.C. § 1332(a). In this case, the parties agree that Plaintiff is a citizen of Illinois and there is more than $75,000 at issue. They dispute only Defendant's citizenship. If Defendant is a citizen of Illinois, diversity is lacking, and this Court has no subject matter jurisdiction over the case. Defendant, however, contends that the parties are of diverse citizenship because Defendant is a citizen of Florida, not Illinois.

"The burden of persuasion for establishing diversity jurisdiction … remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). To meet that burden, the proponent of jurisdiction must present "competent proof" of the jurisdictional facts. *Id.* at 96–97. Proof means actual "evidence establishing its citizenship," not just allegations. *Yancheng Shanda Yuanfeng Equity Inv. P'ship v. Wan*, 59 F.4th 262, 268 (7th Cir. 2023). And because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists,"

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), a federal court whose jurisdiction is challenged has "not only the right, but the duty to look beyond the allegations of the complaint to determine that it [has] jurisdiction" to hear the claims before it. *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Defendant is a corporation, and corporations are citizens of both their state of incorporation and principal place of business. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020). Principal place of business means "where a corporation's officers direct, control, and coordinate the corporation's activities," which might not be where a corporation carries out the majority of its publicly-visible business activities. *Hertz*, 559 U.S. at 92–93.

As the proponent of jurisdiction, Defendant bears the burden of establishing jurisdiction. As evidence of its Florida citizenship, Defendant points to a printout from the Florida Division of Corporations which lists a "Principal Address" for Defendant in Florida. *See* Doc. 33-3. Defendant contends that this printout establishes that it is a Florida corporation. The problem is that the printout also states repeatedly that Defendant is a "foreign profit corporation," not a Florida one. *See* Doc. 33-3 at 1, 5, 7, 9, 11. This indicates to the Court that Defendant is not, in fact, incorporated in Florida.[1]

Nor does the form provided by Defendant prove that its principal place of business is in Florida. The Supreme Court has expressly rejected the suggestion that "mere filing of a form …

---

[1] It seems more likely that Illinois is Defendant's place of incorporation. In deciding a Rule 12(b) motion, the Court may "take[e] notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986). Accordingly, the Court notes that another filing from the Florida government website on which Defendant relies indicates that on June 10, 2009, Defendant filed for a company name change from "Allstate Floridian Indemnity Company" to "Castle Key Indemnity Company," and that in this filing, Defendant lists Illinois as its state of incorporation. *See* https://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2009%5C0616%5C00140059.Tif&documentNumber=F97000005293.

3

listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center." *Hertz*, 559 U.S. at 97. Moreover, the Court notes that though Defendant's form lists a principal place of business in Florida, every named officer and director have Illinois addresses. *See* Doc 33-3 at 1–3. While this evidence is not conclusive that Defendant's "nerve center" is in Illinois, it certainly does not help Defendant meet its burden.

The Court also rejects Defendant's other arguments for Florida citizenship, *i.e.*, that it "is domiciled in Florida, issues policies in Florida, [and] has its home office … in Florida." Doc. 36 at 6. Domicile is not the test for a corporation's citizenship. *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996). As for where Defendant issues policies and has its home office, there is no evidence in the record to support these assertions, but even if there was, a corporation's citizenship is determined by where its officers "direct, control, and coordinate the corporation's activities," not the places it does business generally. *Hertz*, 559 U.S. at 92–93. Defendant has not submitted any evidence as to where its nerve center may be.

In conclusion, Defendant has not met its burden of demonstrating that both its state of incorporation and principal place of business are somewhere other than Illinois. This Court therefore concludes that subject matter jurisdiction has not been established. Without a jurisdictional basis to do so, the Court does not rule on the merits of Defendant's motion to dismiss or to transfer based on a forum selection clause in the at-issue insurance policy. *See Mack v. Resurgent Cap. Servs., L.P.*, 70 F.4th 395, 402 (7th Cir. 2023) ("[A] court must dismiss [a] case without ever reaching the merits if it concludes that it has no jurisdiction."). This matter is remanded to the Circuit Court of Cook County, Illinois.

Dated: October 21, 2025

_____
APRIL M. PERRY
United States District Judge